IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 26, 2019

## CHARLES MONTAGUE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Johnson County**
**No. CC-18-CR-94      Stacy L. Street, Judge**

_____

### No. E2018-01500-CCA-R3-HC

_____

The petitioner, Charles Montague, appeals the summary dismissal of his petition for writ of habeas corpus, which petition challenged the judgments for his 1993 misdemeanor convictions of possession of drugs and drug paraphernalia. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE, and D. KELLY THOMAS, JR., JJ., joined.

Charles Montague, Mountain City, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Clark B. Thornton, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

On August 4, 1989, the petitioner was arrested and charged with possession of drugs and drug paraphernalia. A Washington County Circuit Court jury convicted the petitioner of "possession of cocaine and crack cocaine for sale, possession of marijuana[,] and possession of drug paraphernalia," and the trial court imposed consecutive sentences of nine years for the conviction of cocaine possession and 11 months and 29 days for both of the misdemeanor convictions. *State v. Charles D. Montague*, No. 03C01-9105-CR-134, 1991 WL 236724, at *1 (Tenn. Crim. App., Knoxville, Nov. 15, 1991) (*Montague I*). On direct appeal, this court granted the petitioner a new trial based upon his trial counsel's failure to challenge the constitutionality of the warrantless search of the petitioner's vehicle. *Montague I*, 1991 WL 236724, at *3.

Before the petitioner could be tried a second time, he was charged with and

convicted of first degree murder for the May 4, 1992 death of Donnie McMillian and sentenced to life imprisonment; this court subsequently affirmed the conviction on direct appeal. *State v. Charles Montague*, No. 03C01-9306-CR-00192, 1994 WL 652186, at *1 (Tenn. Crim. App., Knoxville, Nov. 21, 1994) (*Montague II*). "Following the second jury trial on September 21, 1993, the defendant was again convicted of" "possession of cocaine for sale, possession of marijuana, and possession of drug paraphernalia." *State v. Charles D. Montague*, No. 03C01-9406-CR-00233, 1995 WL 509426, at *1 (Tenn. Crim. App., Knoxville, Aug. 29, 1995) (*Montague III*). The trial court imposed a six-year sentence for the cocaine possession conviction and sentences of 11 months and 29 days for both of the misdemeanor convictions and ordered that the sentences be served consecutively to each other and to the petitioner's life sentence. *Id.*

The petitioner then filed a timely but unsuccessful petition for post-conviction relief, and this court affirmed the denial of relief. *Charles Montague v. State*, E2003-01330-CCA-R3-PC, 2001 WL 1011464 (Tenn. Crim. App., Knoxville, Sept. 4, 2001) (*Montague IV*). The petitioner then filed his first unsuccessful petition for writ of habeas corpus, and this court determined that the petitioner's complaints, among which was a claim that he had not received pretrial credits, were without merit. *Charles Montague v. Howard Carlton, Warden*, No. E2007-02823-CCA-R3-HC (Tenn. Crim. App., Knoxville, Sept. 11, 2008) (*Montague V*).

On April 8, 2010, the petitioner filed a second petition for writ of habeas corpus, alleging, among other things, that his judgments were "void because: (1) they do not include pretrial jail credits, (2) the sentences have expired, (3) there are fatal variances in the indictment, and (4) the trial court imposed a fine in excess of the statutory maximum." *Charles Montague v. Cherry Lindamood, Warden*, No. M2010-01653-CCA-R3-HC, slip op. at 3 (Tenn. Crim. App., Knoxville, Dec. 1, 2010) (Memorandum Opinion) (*Montague VI*). This court ruled that the petitioner's claims for habeas corpus relief based on the failure to award pretrial jail credits, the expiration of his sentences, and variances in the indictment had "already been determined to be without merit" by this court and that a claim of excessive fines was not a cognizable ground for habeas corpus relief. *Id.*, slip op. at 4.

The petitioner filed a third petition for writ of habeas corpus on November 7, 2011, which petition alleged, among other things, that the judgments for his convictions in this case were void because they did not include an award of pretrial jail credit for each of his convictions. Following the summary dismissal of that petition, the petitioner "attempted to supplement the record in this court with a one-page document from the Washington County Detention Center reflecting his pretrial jail credits," which document indicated that the petitioner had served "a total of 73 days, in the Washington County Detention Center" on the misdemeanor drug charges. On direct appeal, this court

concluded that the habeas corpus court had erred by summarily dismissing the petition and remanded the case for an evidentiary hearing to determine "how many, if any, credits to apply to the [p]etitioner's sentences on all counts and to amend the judgments as appropriate." *Charles Montague v. State*, No. E2012-00147-CCA-R3-HC, slip op. at 7 (Tenn. Crim. App., Knoxville, Sept. 25, 2012) (*Montague VII*).

Following the remand, the petitioner asked the court for a total of 857 days' pretrial jail credits for the period from August 4, 1989, to December 9, 1991, and asked that the credits be applied to all three drug-related convictions. Via a September 20, 2013 order, the Washington County Criminal Court granted the petitioner 857 days' pretrial jail credits plus "jail credit for all periods of time wherein [the petitioner] was transported from a TDOC penitentiary and held in the Washington County Detention Center post-trial in Washington County Criminal Court, Case No. 18075."

The petitioner filed the petition for writ of habeas corpus at issue in this case, his fourth, on May 30, 2018. In his petition, the petitioner asserted that the judgments imposed for his misdemeanor convictions of possession of drugs and drug paraphernalia were void because they did not reflect the appropriate award of pretrial jail credits. He also claimed that the petition was his first petition for writ of habeas corpus "concerning the misdemeanor sentence" despite that the claim presented is essentially identical to that presented in his three previous petitions for writ of habeas corpus.[1] The petitioner also asserted that he was being held by the Department of Correction ("TDOC") on the basis of a detainer issued by the Washington County Sheriff's Department relative to the service of the misdemeanor sentences in this case. He argued that, as a result of the sheriff's department's failure to act on the detainer, he should be awarded "credits for time spent in the [TDOC] detention held for the misdemeanor detainer." He also argued that he "is entitled to credit for time worked (labor) while in prison" and that "his sentence should be reduced by two days" for each day of work credit. The petitioner asked the habeas corpus court to enter amended judgments reflecting "credits for 74 days times 2 days=148 days plus the 73 days, totaling 221 days." The petitioner exhibited to his petition a document from the Washington County Detention Center dated April 18, 2012, that indicates that the petitioner served 73 days in that facility in 1991 in case number 18075 "Misdemeanor Counts 2 and 3." This appears to be the same document mentioned by this court in *Montague VII*. He also exhibited the original 1993 judgment forms for those convictions, and neither form reflects an award of pretrial jail credits.

The petitioner filed an amended petition for writ of habeas corpus on July

---

[1] The petitioner has filed two direct appeals, one petition for post-conviction relief, four petitions for the state writ of habeas corpus, and at least one petition for the federal writ of habeas corpus challenging the convictions in this case.

11, 2018, alleging that he was still being held in TDOC custody pursuant to a detainer warrant. The petitioner also stated that "[t]he legality of the missing pretrial and post-judgment credits concerning the misdemeanor sentences has to a limited extent been adjudged in a prior proceeding, however the calculation of the 2 for one credits that need to be added to the equation since the petitioner made parole." The petitioner averred that this was his second petition for writ of habeas corpus despite that it is actually his fourth. The petitioner insisted that he was entitled to "post judgment credits in the amount (273 days)." Although it is not clear how the petitioner arrived at this amount, the total appears to be based, at least in part, on the petitioner's claim that he is entitled to "2 for 1 credits for work/labor, towards the completion of the" misdemeanor sentences for the period from February 15, 2018, to May 1, 2018, as well as from June 15, 2018, to July 10, 2018.

The habeas corpus court summarily dismissed the petition, observing that the "matter has been addressed numerous times by this Court and by the Appellate Courts, most recently in the Washington County Criminal Court and has been respectfully and repeatedly denied." The court also found "that no new facts or errors are raised in this new petition that have not been addressed."

In this appeal, the petitioner contends that the habeas corpus court erred by summarily dismissing his petition. He claims entitlement to habeas corpus relief on grounds that the trial court failed to amend the judgment forms for his misdemeanor convictions to reflect "1. time served credits, 2. work credits, 3. good behavior credits"; that the trial court "arbitrarily" increased the percentage of service required for the misdemeanor convictions following his conviction upon retrial; and that the trial court imposed an illegal sentence in the form of excessive fines. The petitioner also asserts that he is entitled to 176 days' "work credits and/or good behavior credits" toward the misdemeanor for the period of time he was held by TDOC on a Washington County Detainer following his grant of parole in the murder case. The State asserts that summary dismissal was appropriate.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)). The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may

-4-

prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

*Pretrial Jail Credits*

Citing the Washington County Detention Center document, the petitioner claims entitlement to 73 days' pretrial jail credit toward his misdemeanor sentences. The 2013 order granting pretrial jail credits reflects, however, that credit for these days was included in the 857-day total awarded by that court. Although it is not clear from the court's order how the credits are to be distributed across the three conviction judgments in that case, because the sentences are aligned consecutively, the petitioner is not entitled to the same award of credits on each judgment of conviction. *See, e.g.*, *Marvin Rainer v. David G. Mills, Warden*, No. W2004-02676-CCA-R3-HC (Tenn. Crim. App., Jackson, Jan. 20, 2006) ("A defendant incarcerated prior to trial who receives consecutive sentences is only allowed pre-trial jail credits to be applied toward the first sentence."); *see also, e.g.*, *Elijah Truitt v. State*, No. M2013-01848-CCA-R3-HC (Tenn. Crim. App., Nashville, Apr. 10, 2014); *Timothy L. Dulworth v. Henry Steward*, No. W2012-00314-CCA-R3-HC (Tenn. Crim. App., Jackson, July 9, 2012). Only when the trial court orders concurrent alignment of the sentences should the trial court include the award of pretrial jail credits on each judgment in order to provide the full benefit of the credits against the aggregate sentence. *See, e.g.*, *State v. Henry*, 946 S.W.2d 833, 835 (Tenn. Crim. App. 1997). The defendant's six-year sentence for cocaine possession equals 2,190 days and is thus sufficient to subsume the entirety of the award of 857 days' pretrial jail credits. The petitioner is not entitled to a further award of 73 days' credit toward the misdemeanor convictions, a fact the petitioner tacitly admits in his amended petition for writ of habeas corpus.

*Work and Good Behavior Credits*

The petitioner claims entitlement to work and good behavior credits pursuant to Code section 41-2-111 and 41-4-121. By its terms, Code section 41-2-111 applies to prisoners who have "been sentenced to the county jail or workhouse for any

period of time less than one (1) year on either a misdemeanor or a felony." T.C.A. § 41-2-111(b). Code section 41-2-147 contains the provision that allows "reduction of the prisoner's sentence in the following manner: for each one (1) day worked on such duties by the prisoner the sentence shall be reduced by two (2) days," but it is limited in application to "any person sentenced to a local jail or workhouse pursuant to the provisions of former § 40-35-302, § 40-35-306, § 40-35-307 or § 40-35-311 or present § 40-35-302, § 40-35-306, § 40-35-307 or § 40-35-314."[2] *Id.* § 41-2-147(a), (b). Additionally, "[a]ny prisoner receiving sentence credits under [Code section 41-2-147] shall not be eligible for the sentence reduction authorized by § 41-2-111." *Id.* § 41-2-147(c). The petitioner, who is incarcerated in a TDOC facility, is ineligible for the good behavior or work credits provided for in Code sections 41-2-111 or 41-2-147, and, in any event, the petitioner would never be entitled to both. The award of sentence reduction credits for TDOC inmates is governed by Code section 41-2-236.

Most importantly, however, the award of these type of administrative sentence reduction credits by either the local workhouse or TDOC is not a cognizable claim for habeas corpus relief. Instead, "the proper avenue to address post-judgment jail credit for prisoners is through the TDOC administratively." *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012).

*Remaining Claims*

As indicated, the petitioner also alleges that the trial court "arbitrarily" increased the percentage of service required for the misdemeanor convictions following his conviction upon retrial and that the trial court imposed an illegal sentence in the form of excessive fines. Neither of these claims were presented below, and, as a result, they are waived. *See Cauthern v. State*, 145 S.W.3d 571, 599 (Tenn. Crim. App. 2004) ("[A]n issue raised for the first time on appeal is waived."). We also note that this court has previously informed the petitioner that a claim of excessive fines is not cognizable in a habeas corpus proceeding, *see Montague VI*, slip op. at 4, and that the fines imposed in his case are "not contrary to law," *see Montague VII*, slip op. at 9.

---

[2] Code section 41-2-146 contains a provision making similar credits available for "any prisoner . . . sentenced to imprisonment in a county workhouse or jail or . . . serving time in the county jail or workhouse pursuant to an agreement with the department of correction." T.C.A. § 41-2-146(a). Code section 41-4-121, which deals with the power of the sheriff to house inmates in nearby facilities "when the jail of the county is insufficient for the safekeeping of a prisoner," has no application to this case. *Id.* § 41-4-121(a).

*Conclusion*

Based upon the foregoing analysis, we affirm the judgment of the habeas corpus court.

_____
JAMES CURWOOD WITT, JR., JUDGE